**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL OBERACKER,** | **CASE NO. 1:17 CV 2547** |
| Petitioner, | **JUDGE DAN AARON POLSTER** |
| vs. | <u>**OPINION AND ORDER**</u> |
| **JEFFREY B. NOBLE, Warden,** | |
| Respondent. | |

On December 7, 2017, Pro Se Petitioner Daniel Oberacker filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (**Doc #: 1** ("Petition").) Therein, Oberacker raises nine grounds for relief. (*Id.*) Pursuant to Local Rule 72.2(b)(2), the Petition was automatically referred to Magistrate Judge Jonathan D. Greenberg to issue a briefing schedule and to prepare a Report and Recommendation. (Non-document Order of 12/12/2017.)

On February 28, 2018, Respondent filed a Motion to Dismiss the case as time-barred under the AEDPA's one-year limitation period. (**Doc #: 8**.) Oberacker filed a timely Traverse. (Doc #: 9.) After reviewing the briefs, Magistrate Judge Greenberg issued a Report and Recommendation, analyzing the parties' arguments and recommending that the Court grant Respondent's Motion to Dismiss and dismiss the Petition as time-barred. (**Doc #: 10** ("R&R").)

The AEDPA's one-year limitation period runs from "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge found that Oberacker's sentence became "final" on August 14, 2003, ninety days after the Supreme Court of Ohio declined jurisdiction over his direct appeal, and the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Thus, he concluded that the statute of limitation expired on August 15, 2004. Because Oberacker failed to file his Petition until November 27, 2017, he missed the deadline by more than 13 years. The Magistrate Judge also rejected Oberacker's argument that the limitation period commenced on a different date (id. at 21-26), and concluded that Oberacker failed to show that equitable tolling applied (id. at 26-31). Oberacker timely filed Objections. (**Doc #: 11** ("Obj.").)

The Court has reviewed the Objections, most of which raise the same arguments Magistrate Judge Greenberg addressed with competence in the R&R. However, Oberacker has raised two issues that were not before the Magistrate Judge. Citing *Douglas v. California*, 372 U.S. 353 (1963), Oberacker argues that the state has discriminated against him by merging the timing of his criminal and civil proceedings. (Obj. at 8.) There are three problems with argument.

First, absent a compelling reason, the party objecting to an R&R cannot raise in the district court a new argument or issue that was not presented to the Magistrate Judge. *Enyart v. Coleman*, 29 F.Supp.3d 1059, 1070 (N.D. Ohio 2014) (citing *Murr v. U.S*., 200 F.3d 895, 2000 Fed.App. 0008P (6th Cir. 2000)). Oberacker has failed to assert a compelling reason for failing to raise this argument in the Traverse. Accordingly, the objection is overruled on that basis.

Second, his discrimination claim is not a cognizable claim challenging the constitutionality of his conviction or sentence.

Third, in *Douglas*, the Supreme Court held that the "state may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their *poverty*." 372 U.S. at 355 (emphasis added) (citing *Griffin v. Illinois*, 351 U.S. 12 (1955)). It is a well-established principle that absent any substantial prejudice to the parties involved, parallel civil and criminal proceedings are allowed at the discretion of the court. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980) (citing *United States v. Kordel*, 397 U.S. 1, (1970)). Holding criminal and civil hearings concurrently does not discriminate against indigent defendants, but instead promotes economic and judicial efficiency by reducing attorneys fees and the defendant's time. *See generally* Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203-06 (1989). Thus, Oberacker's argument that holding civil and criminal hearings concurrently discriminates against indigent defendants would be unavailing on the merits.

Oberacker raises new facts to support his argument for equitable tolling (i.e., violent acts against him and his personal belongings in prison, and the passing of his brother who kept his legal records). (Obj. at 13-14.) Because Oberacker did not mention these facts in the Traverse, and he has not set forth a compelling reason for their omission, he cannot raise them in his Objections. *Enyart*, 29 F.Supp.3d at 1070.

In any event, the Magistrate Judge has explained in detail a number of ways that Oberacker could have exercised his rights diligently (e.g., carefully reading the state appellate court's 2001 and 2003 decisions, directly contacting the state court clerk's office, and raising this issue in the trial court during his sexual predator classification hearing following the 2001

remand where he was represented by counsel) – none of which he availed himself of. Thus, the alleged new facts do not affect the Magistrate Judge's analysis.

The Court notes that Oberacker was convicted of multiple rapes based on his guilty plea, and the record shows that he admitted committing more rapes than the ones for which he was convicted. Although the validity of his guilty plea was not raised in his appellate brief and the panel declined to hear oral argument on the subject, the state appellate court noted nonetheless that "there is nothing in the proceedings that would cause us to doubt the validity of [Oberacker's] guilty plea." (R&R at 6 (citation to the record omitted).)

Accordingly, the Court **OVERRULES** the Objections (**Doc #: 11**), **ADOPTS** the R&R (**Doc #: 10**), **GRANTS** the Motion to Dismiss (**Doc #: 8**), and dismisses as time-barred the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

   *Dan A. Polster     June 11 2018*
**Dan Aaron Polster**
**United States District Judge**